**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE FRANKLIN, SR. Individually, and as Administrator of the Estate of DOMINIQUE FRANKLIN, JR., deceased, | ) ) ) ) Case No. 14 CV 03849 ) ) Judge John W. Darrah ) |
| Plaintiff(s), | ) ) |
| v. | ) ) |
| The CITY OF CHICAGO, a Municipal Corporation, OFFICERS JUAN YANEZ, COSENTINO, AND JOHN DOE, | ) ) ) ) |
| Defendant(s). | ) |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES**
**AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, City of Chicago, Juan Yanez, and Michael Cosentino, by and through one of their attorneys, Victoria R. Benson, Assistant Corporation Counsel for the City of Chicago, for their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's First Amended Complaint, states as follows:

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(3); the Constitution of the United States; and supplemental jurisdiction invoked under 28 U.S.C. § 1367.

**ANSWER**: Defendants admit that jurisdiction is proper.

**PARTIES**

2. Plaintiff Dominique Franklin, Senior sues on his own behalf and as the Administrator of the Estate of Dominique Franklin, Junior, deceased. Dominique Franklin, Sr., is the biological father of Dominique Franklin, Jr.

**ANSWER**: Defendants admit that Plaintiff purports to bring this action on his own behalf and

as the administrator of the estate of Dominique Franklin, Jr. and lack sufficient

information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3. Dominique Franklin, Jr. was, at the time of his death, a twenty-three year old African-American male, a citizen of the United States and a resident of Sauk Village, Illinois. Defendants Juan Yanez, Cosentino and John Doe were at all times material to this Complaint, Chicago Police Officers. Each is being sued individually.

**ANSWER**: Defendants admit that Officers Juan Yanez and Michael Cosentino were, at all time relevant hereto, Chicago Police Officers. Answering further, Defendants admit that Plaintiff purports to sue Officers Juan Yanez and Michael Cosentino in their individual capacities. Further answering, Defendants lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

4. Defendant City of Chicago is a municipal corporation within the State of Illinois, and was, at all times material to this Complaint, the employer of the police Defendants.

**ANSWER**: Defendants admit the allegations contained in this Complaint.

**FACTS**

5. On May 7, 2014 at about 12:10 a.m., Wednesday morning, police defendants, without justification or provocation, repeatedly tased him as he was standing near a retail store at the corner of North Wells Street and West North Avenue, causing his death.

**ANSWER**: Defendants admit that Dominique Franklin, Jr. was tased by Officer Juan Yanez on West North Avenue on May 7, 2014 at or about 12:10 a.m., but deny the remaining allegations contained in this paragraph.

6. The defendants, Officers Yanez, Cosentino and John Doe are Chicago Police officers [who] fabricated a story that Dominique was resisting arrest and had to be tased. Dominique was taken by ambulance to Northwestern Memorial Hospital, Chicago, Illinois, on May 7, 2014. He was later pronounced dead at Northwestern Memorial Hospital at 4:49 p.m. on Tuesday, May 20, 2014, according to the Cook County medical examiner's office.

2

**ANSWER**: Defendants admit that Dominique Franklin, Jr. was taken by ambulance to Northwestern Memorial Hospital on May 7, 2014 and that he died on or about May 20, 2014. Answering further, Defendants deny the remaining allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 Excessive Force)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

**ANSWER**: Defendants re-state their answers to Paragraphs 1-6 of Plaintiff's First Amended Complaint as and for their answers to Paragraphs 1-6 of Count I of Plaintiff's First Amended Complaint if fully set forth herein.

7. As a result of the unreasonable and unjustifiable forced used on Dominique, he suffered injuries which led to his death.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

8. This unreasonable and unjustifiable tasing of the Plaintiff Dominique Franklin, Jr., by Defendant Officers, Doe, Roe, and Moe was a direct and proximate cause of his pain, suffering and death. This act by the above defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. § 1983.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT II
### (42 U.S.C. 1983 Conspiracy Claim)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

**ANSWER**: Defendants re-state their answers to Paragraphs 1-6 of Plaintiff's First Amended Complaint as and for their answers to Paragraphs 1-6 of Count II of Plaintiff's First Amended Complaint if fully set forth herein.

7. Defendant Officers Yanez, Cosentino and Doe reached an understanding, engaged in a sequence of events or course of conduct and otherwise, agreed and conspired together to violate the constitutional rights of Dominique Franklin, Jr.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

8. Each defendant did reach this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive the Plaintiff of his right of due process, as guaranteed by the Constitution and laws of the United States.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

9. Additionally, said conspiracy/joint action violated Plaintiff's Fourteenth Amendment rights, under color of law, in contravention of 42 U.S.C. 1983.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

10. Acting in furtherance of this plan and conspiracy, the Defendant Officers Yanez, Cosentino and Doe did commit overt acts, including, the unjustified tasing of Dominique Franklin, Jr., as more fully alleged in paragraphs 1-6. This course of conduct by the defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused the death of Dominique Franklin, Jr.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT III
### (Conspiracy Claim under Illinois Law)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

**ANSWER**: Defendants re-state their answers to Paragraphs 1-6 of Plaintiff's First Amended Complaint as and for their answers to Paragraphs 1-6 of Count III of Plaintiff's First Amended Complaint if fully set forth herein.

7. Defendant Officers Yanez, Cosentino and Doe, reached an understanding, engaged in a sequence of events or course of conduct and otherwise, agreed and conspired together to violate the constitutional rights of Dominique Franklin, Jr.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

8. Each defendant did reach this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive the Plaintiff of his right of due process, as guaranteed by the Constitution of Illinois.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

9. Additionally, said conspiracy/joint action violated Plaintiff's Constitutional Rights in contravention of the Constitution of The [sic] State of Illinois.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

10. Acting in furtherance of this plan and conspiracy, the defendants, Officers Yanez, Cosentino and Doe did commit overt acts, including, the unjustified tasing of Dominique Franklin, Jr., as more fully alleged in paragraphs 1-6. This course of conduct by the defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused the death of Dominique Franklin, Jr.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT IV
### (Wrongful Death Claim Under Illinois Law)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

**ANSWER**: Defendants re-state their answers to Paragraphs 1-6 of Plaintiff's First Amended Complaint as and for their answers to Paragraphs 1-6 of Count IV of Plaintiff's First Amended Complaint if fully set forth herein.

7. Plaintiff-decedent was and is survived by his legal and biological father, Dominique Franklin, Sr.

**ANSWER**: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

8. Plaintiff-Administrator Dominique Franklin, Sr. is the Independent Administrator of the Estate of Dominique Franklin, Jr.

**ANSWER**: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. Decedent Dominique Franklin, Jr., was officially pronounced dead on May 20, 2014 at 4:49 p.m.

**ANSWER**: Defendants, upon information and belief, admit Dominique Franklin, Jr. died on May 20, 2014, but lack sufficient information or knowledge upon which to form a

belief as to the truth or falsity of the remaining allegations contained in this paragraph.

10. Each and every beneficiary and next of kin of Dominique Franklin, Jr. exercised due care at all times material to this Complaint.

**ANSWER**: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

11. The wrongful death due to the willful and wanton misconduct of Defendant Officers Yanez, Cosentino and Doe proximately caused the injury and death of Plaintiff-decedent Dominique Franklin, Jr., in violation of Ill. Rev. Stat. Ch. 70, Secs. 1, 2.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

12. Each and every next of kin, as named in or referred to in paragraph 7 has lost and will continue to lose pecuniary support as a proximate result of the wrongful death of Dominique Franklin, Jr.

**ANSWER**: Defendants lack sufficient information or knowledge upon which to form a belief to the truth or falsity of the allegation that Dominique Franklin, Jr.'s next of kin have lost and continue to lose pecuniary support as a result of Dominique Franklin, Jr.'s death and deny the remaining allegations contained in this paragraph.

### COUNT V
**(Illinois Survival Statute)**

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

**ANSWER**: Defendants re-state their answers to Paragraphs 1-6 of Plaintiff's First Amended Complaint as and for their answers to Paragraphs 1-6 of Count V of Plaintiff's First Amended Complaint if fully set forth herein.

7. As a proximate result of one or more of the negligent or intentional acts by the Defendant Officers, Dominique Franklin, Jr., deceased, suffered personal and pecuniary damages, including his pain, suffering, disability, loss of enjoyment or life, and disfigurement, and large medical bills prior to his death; had he survived he would have been entitled to bring an action for such damages and such action has survived him.

**ANSWER**:	Defendants deny the allegations contained in this paragraph.

8.	Dominique Franklin, Sr., Independent Administrator of the Estate of Dominique Franklin, Jr., deceased, brings this action to 755ILCS 5/27-6(1993) [sic].

**ANSWER**:	Defendants admit that Plaintiff purports to bring this action pursuant to 755 ILCS 5/27-6 of the Illinois Probate Act and lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

10.	As a direct and proximate result of one or more of the aforesaid negligent or intentional acts committed by Defendant Officers Yanez, Cosentino and Doe, Dominique Franklin, Jr., deceased, died on May 20, 2014.

**ANSWER**:	Defendants deny the allegations contained in this paragraph.

## COUNT VI
### (Respondeat Superior Against the City of Chicago)

1-6.	Plaintiff alleges and re-alleges paragraphs 1-6 above as if fully set forth herein.

**ANSWER**:	Defendants re-state their answers to Paragraphs 1-6 of Plaintiff's First Amended Complaint as and for their answers to Paragraphs 1-6 of Count VI of Plaintiff's First Amended Complaint if fully set forth herein.

7.	The above acts of Defendant Officers Yanez, Cosentino and Doe in repeatedly tasing and conspiring to repeatedly tase Dominique Franklin, Jr., were committed while they were acting within the scope of their employment as Chicago Police Officers and thus such acts violate Illinois State Law.

**ANSWER**:	Defendants admit that Officers Yanez and Cosentino were Chicago Police officers acting in the scope of their employment at the time Dominique Franklin, Jr. was tased and deny the remaining allegations contained in this paragraph.

8.	The acts of Defendant Officers Yanez, Cosentino and Doe were done willfully, wantonly and maliciously and were the direct and proximate cause of the injuries to and death of Dominique Franklin, Jr.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants, City of Chicago, Juan Yanez, and Michael Cosentino, respectfully requests that this Court enter Judgment in their favor and against Plaintiff, including for costs for defend for defending this suit, and enter any other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officers Juan Yanez and Michael Cosentino are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's First Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers Juan Yanez and Michael Cosentino could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers Juan Yanez and Michael Cosentino possessed. Defendant Officers Juan Yanez and Michael Cosentino, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

2. Defendant City of Chicago is not liable to plaintiff for any state law claims for which its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109 (2012).

3. Defendant City of Chicago is not liable to plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

4. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76

Ill.2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

5. Under the Illinois Local Governmental and Governmental Employee Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-1-2 (2012).

6. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2010).

7. Defendant Officers Juan Yanez and Michael Cosentino cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

8. As to Plaintiff's state law claims, the Defendant Officers are not liable for any of the claims alleged because a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2014).

**JURY DEMAND**

Defendants, City of Chicago, Juan Yanez, and Michael Cosentino, hereby demands a jury trial for all issues so triable.

    Respectfully submitted,

    /s/ Victoria R. Benson
    Victoria R. Benson
    Assistant Corporation Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (FAX)
Atty. No. 6282508

## CERTIFICATE OF SERVICE

   I hereby certify that I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, which sends a true and correct copy to all counsel, including:

Standish E. Willis
THE LAW OFFICES OF STANDISH E. WILLIS, LTD.
29 E. Madison Street, Suite 1802
Chicago, Illinois 60602

on this 13th day of January, 2015.

                  Respectfully submitted,

                  /s/ Victoria R. Benson
                  Victoria R. Benson
                  Assistant Corporation Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (FAX)
Atty. No. 6282508