UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE FRANKLIN, SR. Individually and as Administrator of the Estate of DOMINIQUE FRANKLIN, JR., deceased<br><br>Plaintiff(s),<br><br>v.<br><br>The CITY OF CHICAGO, a Municipal Corporation, OFFICERS JUAN YANEZ, COSENTINO, AND JOHN DOE,<br><br>Defendant(s) | No: 14 C 3849<br><br>Judge Jorge Alonso<br><br>Magistrate Judge Daniel Martin |

## THIRD AMENDED COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(3); the Constitution of the United States; and supplemental jurisdiction invoked under 28 U.S.C. § 1367.

## PARTIES

2. Plaintiff Dominique Franklin, Senior sues on his own behalf and as the Administrator of the Estate of Dominique Franklin, Junior, deceased. Dominique Franklin, Sr., is the biological father of Dominique Franklin, Jr.

3. Dominique Franklin, Jr. was, at the time of his death, a twenty-three year-old African-American male, a citizen of the United States and a resident of Sauk Village, Illinois. Defendants Juan Yanez and Cosentino were at all times material to this Complaint, Chicago Police Officers. Each is being sued individually.

4. Defendant City of Chicago is a municipal corporation within the State of Illinois, and was, at all times material to this Complaint, the employer of the police Defendants.

**FACTS**

5. On May 7, 2014 at about 12:10 a.m., Wednesday morning, police defendants, without justification or provocation, repeatedly tased Dominique in the back as he was running causing him to fall and hit his head on a light post. The defendant officers believed he had shoplifted an item from a Walgreen's Store.

6. The defendants, Officers Yanez and Cosentino, Chicago Police Officers, fabricated a story that Dominique was resisting arrest and had to be tased. After sustaining a traumatic injury and lying in the street for a lengthy period of time, Dominique was taken by ambulance to Northwestern Memorial Hospital. He was later pronounced dead at Northwestern Memorial Hospital at 4:49 p.m. on Tuesday, May 20, 2014, according to the Cook County medical examiner's office.

## COUNT I
### (42 U.S.C. § 1983 Excessive Force)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

7. As a result of the unreasonable and unjustifiable force used on Dominique Jr., he suffered injuries which led to his death.

8. This unreasonable and unjustifiable tasing of Dominique Franklin, Jr., while he was running by Defendant Officers Yanez and Cosentino was a direct and proximate cause of his pain, suffering and death. This act by the above defendants

violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Dominique Franklin, Sr., demands in excess of $500,000 in compensatory damages against Defendant Officers Yanez and Cosentino, and because these defendants acted maliciously, willfully and/or wantonly, $100,000 in punitive damages against each of them, plus cost, attorneys' fee, and such other additional relief as this Court deems equitable and just.

## COUNT II
### (42 U.S.C. 1983 Conspiracy Claim)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

7. Defendant Officers Yanez and Cosentino reached an understanding, engaged in a sequence of events or course of conduct and otherwise, agreed and conspired together to violate the constitutional rights of Dominique Franklin, Jr.

8. Each defendant did reach this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive the Plaintiff of his right of due process, as guaranteed by the Constitution and laws of the United States.

9. Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights, under color of law, in contravention of 42 U.S.C. 1983.

10. Acting in furtherance of this plan and conspiracy, the Defendant Officers Yanez and Cosentino did commit overt acts, including, the unjustified tasing of Dominique Franklin, Jr., as more fully alleged in paragraphs 1-6. This course of conduct by the defendants was done willfully, maliciously, intentionally, or with reckless disregard

of his safety, and directly and proximately caused the death of Dominique Franklin, Jr.

WHEREFORE, Plaintiff Dominique Franklin, Sr., as Administrator of the Estate of Dominique Franklin, Jr., demands in excess of $500,000 in actual or compensatory damages; and because Defendant Officers Yanez and Cosentino acted maliciously, willfully and/or wantonly, $100,000 in punitive damages, jointly and severally against Defendant Officers Yanez and Cosentino, plus costs, attorneys' fees, and such other relief as this Court deems equitable and just.

## COUNT III
**(Failure to Train Under Section 1983)**

1-6. Plaintiff alleges and realleges paragraphs 1-6 as fully set forth herein.

7. The Defendant City of Chicago maintained policies, practices or customs exhibiting deliberate indifference to the constitutional rights of potential arrestees who are tased while running for non-violent offenses.

8. It was the policy, practice or custom of the Defendant City to inadequately supervise and train its police officers, including the defendant officers, on how to properly use taser weapons without violating constitutional rights.

9. The United Nations Committee Against Torture (CAT) has expressed concern about the safe use of Electrical Discharge Weapons (Tasers). Recently, The CAT expressed its concern "…about numerous, consistent reports that police have used electrical discharge weapons against unarmed individuals who resist or fail to comply immediately with commands, suspects fleeing minor crime scene…."The CAT urges that "The State Party should ensure that electrical

discharge weapons are used exclusively in extreme and limited situations-where there is a real and immediate threat to life or risk of serious injury-as a substitute for lethal weapons and by trained law enforcement personnel only…The Committee is of the view that the use of electrical discharge weapons should be subject to the principles of necessity and proportionality…"[1]

10. The defendant officers acted knowingly and or intentionally, in bad faith, with deliberate indifference or through unreasonable risk of injury or with malice and or reckless disregard for the rights of Dominique Franklin Jr.

11. As a direct and proximate result of the City of Chicago's failure to train its police officers to properly use taser weapons Decedent Dominique Franklin was deprived of his rights to life and liberty, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff Dominique Franklin Senior prays for compensatory damages against the Defendant City of Chicago in the amount of $500,000, plus costs, reasonable attorney's fees and such other and further relief as this court deems proper.

## COUNT IV
### (Conspiracy Claim under Illinois Law)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

7. Defendant Officers Yanez and Cosentino, reached an understanding, engaged in a sequence of events or course of conduct and otherwise, agreed and conspired together to violate the constitutional rights of Dominique Franklin, Jr.

8. Each defendant did reach this understanding, and agreement, and did engage in

---

[1] CAT's Concluding Observations on the third to fifth periodic reports of The United States of America on November 20, 2014.

this course of conduct with the mutual purpose, objective and knowledge that it would deprive the Plaintiff of his right of due process, as guaranteed by the Constitution of Illinois.

9. Acting in furtherance of this plan and conspiracy, the defendants, Officers Yanez and Cosentino did commit overt acts, including, the unjustified tasing of Dominique Franklin, Jr., as more fully alleged in paragraphs 1-6. This course of conduct by the defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused the death of Dominique Franklin, Jr.

WHEREFORE, Plaintiff Dominique Franklin, Sr., as Administrator of the Estate of Dominique Franklin, Jr., demands in excess of $500,000 in actual or compensatory damages; and because Defendant Officers Yanez and Cosentino acted intentionally, maliciously, willfully and/or wantonly, $100,000 in punitive damages, jointly and severally against Defendant Officers Yanez and Cosentino, plus costs, and such other relief as this Court deems equitable and just.

## COUNT V
**(Wrongful Death Claim Under Illinois Law)**

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

7. Plaintiff-decedent was and is survived by his legal and biological father, Dominique Franklin, Sr., a sister and a brother.

8. Plaintiff-Administrator Dominique Franklin, Sr. is the Independent Administrator of the Estate of Dominique Franklin, Jr.

9. Decedent Dominique Franklin, Jr., was officially pronounced dead on May 20, 2014 at 4:49 p.m.

10. Each and every beneficiary and next kin of Dominique Franklin, Jr. exercised due care at all times material to this complaint.

11. The wrongful death due to the willful and wanton misconduct of Defendant Officers Yanez and Cosentino proximately caused the injury and death of Plaintiff-decedent Dominique Franklin, Jr., in violation of Ill. Rev. Stat. Ch. 70, Secs. 1, 2.

12. Each and every next of kin, as named in or referred to in paragraph 7 has lost and will continue to lose pecuniary support as a proximate result of the wrongful death of Dominique Franklin, Jr.

WHEREFORE, Plaintiff Dominique Franklin, Sr., on behalf of the next of kin of Dominique Franklin, Jr., demands compensatory damages in excess of $100,000 against Defendant Officers Yanez and Cosentino, the costs of this action, and such other relief as this court deems just and equitable.

## COUNT VI
**(Illinois Survival Statute)**

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 as if fully set forth herein.

7. As a proximate result of one or more of the negligent or intentional acts by the Defendant Officers, Dominique Franklin, Jr., deceased, suffered personal and pecuniary damages, including his pain suffering, disability, loss of enjoyment of life, and disfigurement, and large medical bills prior to his death. Had he survived, he would have been entitled to bring an action for such damages and such action has survived him.

8. Dominique Franklin, Sr., Independent Administrator of the Estate of Dominique Franklin, Jr., deceased, brings this action to 755ILCS 5/27-6(1993).

9. As a direct and proximate result of one or more of the aforesaid negligent, willful, wanton, reckless, or intentional acts committed by Defendant Officers Yanez and Cosentino, Dominique Franklin, Jr., deceased, died on May 20, 2014.

WHEREFORE, the Plaintiff Dominique Franklin, Sr. prays that this Honourable Court award him judgement against Defendant Officers Yanez and Cosentino.

## COUNT VII
### (Respondeat Superior Against the City of Chicago)

1-6. Plaintiff alleges and re-alleges paragraphs 1-6 above as if fully set forth herein.

7. The above acts of Defendant Officers Yanez and Cosentino in repeatedly tasing and conspiring to repeatedly tased Dominique Franklin, Jr., were committed while they were acting within the scope of their employment as Chicago Police Officers and thus such acts violate Illinois State Law.

8. The acts of Defendant Officers Yanez and Cosentino were done willfully, wantonly and maliciously and were the direct and proximate cause of the injuries to and death of Dominique Franklin, Jr.

WHEREFORE, the Plaintiff demands damages in excess of $100,000 in actual and compensatory damages against the defendant, City of Chicago.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS**

                                    Respectfully submitted,

                                    s/Standish E. Willis
                                    Attorney At Law

THE LAW OFFICES OF STANDISH E. WILLIS, LTD
29 E. Madison Street – Suite 1802
Chicago, IL  60602
312-750-1950